JOHN DENNY *vs.* JAMES QUINTIN.

A state of demand containing a single charge "to money lent," without stating by whom or to whom, is insufficient.

This was a *certiorari* to a justice of the peace of the county of Mercer, to remove the judgment and proceedings in an action of debt.

Argued at November term, 1859.

*Kingman*, for plaintiff in *certiorari*.

*Scudder*, for defendant.

The opinion of the court was delivered by

CLAWSON, J. Whilst it has been the object of legislative action, seconded and furthered by the adjudication of the Supreme Court in sundry cases, to simplify the proceedings in justices' courts, and as far as practicable, to

Denny v. Quintin.

dispense with the technical formulæ of the higher courts, yet is was never intended to go so far that the state of demand should not contain upon its face everything necessary to show that the plaintiff has a legal cause of action against the defendant. All that is necessary is that it shall be intelligible ; that the defendant may know with what he is charged and how he is liable, in order that he may prepare his defence, if he have any. It must be, however, sufficient in itself to apprize him of these things, and not depend upon the proof to be offered to render it intelligible. This necessarily does not appear until after the commencement of the trial before the justice, and then he has no right to an adjournment to prepare his defence. It certainly would be doing a party great injustice to say the evidence will explain all, and force him into a trial upon a state of demand, which can be made intelligible and sufficient by the aid of plaintiff's testimony only ; for then it would be too late for defendant to procure witnesses in his behalf, however unjust or contrary to truth and fact the charge may be. He cannot be required to guess out the meaning or character of the charge against him, and prepare his defence upon mere surprise and supposition. This was never intended.

The state of demand in this case is simply one item, as follows :

" To money lent, $25.00," without saying by whom, or to whom, or at whose request, or in any way showing how the defendant is indebted to the plaintiff on the lending alleged. It is not a book account, but simply a common count for money lent, and is substantiated by the testimony of the plaintiff's attorney only. Was it for money lent by plaintiff to defendant? or by a third person for plaintiff to defendant ? or by the plaintiff to a third person, at the request of defendant ? or to the use of defendant, and which the defendant agreed to repay? So far as appears the judgment may be erroneous under the statute of frauds, not being supported by a written

promise, although this need not have been set forth in the demand, or defendant not liable because no consideration is set forth. 3 *Green* 27. The state of demand should have set forth by whom and to whom the money was lent, and any circumstances necessary to show the liability of the defendant to the plaintiff, and the manner of that liability. 2 *Dutcher* 461. It may be said the inference from the wording of the demand must be that the money was lent by plaintiff to defendant. The answer is, it may warrant that inference, but at the same time it admits of others; and if the defendant be liable upon all inferences or conclusions of which the language is susceptible, still it does not make the demand legal and sufficient. It should be so full and explicit as to admit of but one interpretation, or one inference as to the manner of defendant's liability, or the defendant is none the better informed. In the case of *Ewing* v. *Ingram*, 4 *Zab.* 520, the state of demand for "*work and labor*" was held insufficient, because it did not state by whom the work and labor were performed. And although the inference was equally palpable in that case that the work and labor was performed by plaintiff for defendant, as that in this case the money was lent by the plaintiff to the defendant, yet Potts, J., in delivering the opinion of the court, says it does not follow, because work and labor was done for defendant, that therefore he was indebted to the plaintiff for its value, although the demand in that case did show that the work was done for the defendant. So in this case, because money is lent, without stating by whom or to whom, or in any way showing how defendant is liable to plaintiff for it, it is equally absurd to require the defendant or court to draw that inference.

In the case of *Hutchinson* v. *Targee*, 2 *Green* 386, the state of demand was for money had and received in general terms, and was objected to because it was too general; and the court held the objection fatal, referring to the case of *Bruen* v. *Douglass*, *Penn.* 464, as a case in

point, and as settling a principle which has been repeatedly recognised since, and one which is conformable to the dictates of reason. The case of *Brannin* v. *Voorhees*, 2 *Green* 590, is also to the same purport, and quite as explicit, if not more so. Many more authorities might be quoted, if necessary. *St. John* v. *Adams*, *Penn*. 985 ; *Barnes* v. *Fairholme*, *Ib*. 631 ; *Courter* v. *Wood Ib*. 615 ; 4 *Halst*. 347 ; and the case of *Meeker* v. *Garland*, 1 *Harr*. 486, clearly lays down the law to be, as we have asserted it above, that the state of demand must contain everything necessary of itself, independent of the proof, to show that the plaintiff has a legal cause of action. We would not wish to make the law any more stringent than it is with regard to pleadings in a justice's court, but whilst we acknowledge, in favor of the plaintiff, that technical formality in his demand is not required of him, we must at the same time guard the defendant against being entrapped by too vague, loose, dubious, and uncertain a mode of setting forth the claim against him. Adhering to the rule, then, as we understand it, that technical formality is not required, but that the state of demand should set forth everything necessary, independent of the proof, to show that the plaintiff has a legal cause of action against the defendant, and applying this principle to the case in hand, we must hold the state of demand to be insufficient.

Therefore let the judgment be reversed.